**Khondaker Maksud ALAM, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 05–6642–ag.

United States Court of Appeals, Second Circuit.

May 24, 2007.

Jorge Guttlein, New York, NY, for Petitioner.

Because the Court did not receive a brief from the respondent within fifteen days of the October 9, 2006, due date specified in the scheduling order issued on August 29, 2006, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d), for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROSEMARY S. POOLER and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Khondaker Maksud Alam, a native and citizen of Bangladesh, seeks review of a November 18, 2005 order of the BIA affirming the September 10, 2004 decision of Immigration Judge ("IJ") Philip L. Morace denying his claims for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Khondaker Maksud Alam*, No. A 96 427 070 (B.I.A. Nov. 18, 2005), *aff'g* No. A 96 427 070 (Immig. Ct. N.Y. City Sept. 10, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly adopt the IJ's decision, but closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). This Court reviews the agency's factual findings, including adverse credibil-

ity determinations, under the substantial evidence standard, treating the findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see Jorge–Tzoc v. Gonzales, 435 F.3d 146, 148 (2d Cir.2006). A determination "based on flawed reasoning . . . will not satisfy the substantial evidence standard," and the agency's use of "an inappropriately stringent standard when evaluating an applicant's testimony constitutes *legal,* not factual error." *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005) (internal quotation marks omitted). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ We do not have jurisdiction to review the agency's decision that Alam's asylum application was untimely and that he did not qualify for an exception based on changed or extraordinary circumstances. Alam argues that he qualifies for such an exception, but that is "essentially a quarrel about factfinding" which we do not have jurisdiction to review. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 330 (2d Cir.2006). As such, we dismiss the petition for review as to Alam's asylum claim.

■ Even though this Court lacks jurisdiction over the petitioner's asylum claim, we can review the denial of his withholding of removal and CAT claims. *See Xiao Ji Chen,* 471 F.3d at 332 (stating that "eligibility for withholding of removal is not subject to 8 U.S.C. § 1158(a)(2)(B)' s one-year bar and, accordingly, must be considered by the BIA regardless of the timeliness of the initial asylum request"). Nevertheless, we deny the petition for review as to these claims, finding that the agency's adverse credibility determination was supported by substantial evidence. That

determination was based on specific inconsistencies between Alam's testimony and his asylum application, and his failure to submit corroboration of his claims. First, the IJ noted that Alam's asylum application indicated that he was never arrested, but he testified that he was arrested several times, and on one occasion was detained for seven days. The IJ also faulted Alam for failing to mention in his asylum application that he was hospitalized, when he testified that he had been hospitalized for four months. The IJ properly found that these were material omissions, as they concerned significant incidents of persecution that Alam claimed to have experienced. While Alam was not required to list on his application every incident of harm that he experienced, see *Pavlova·v. I.N.S.,* 441 F.3d 82, 90 (2d Cir.2006), to prevail in his argument, he must show that such omissions were minor when evaluated against the series of events that he alleged. See *Secaida–Rosales,* 331 F.3d at 308–09. Because these omissions were central to Alam's claim that the Bangladeshi National Party ("BNP") knew of and targeted him for his political activities, the IJ's reliance on them was proper. Furthermore, the IJ did not err in refusing to credit Alam's explanation for these omissions when no reasonable factfinder would have been compelled to do so. See 8 U.S.C. § 1252(b)(4)(B); see *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004).

Further supporting his adverse credibility determination, the IJ properly found that Alam did not provide corroborative evidence to support his claims, including any evidence of his arrests, hospitalization, or threats against his family. The IJ's reliance on this lack of corroboration was proper because Alam's testimony was already called into question, and his failure

to produce such evidence made him unable to rehabilitate that testimony. *See Xiao Ji Chen,* 471 F.3d at 341.

While the IJ's decision did contain some errors, remand would be futile, because he relied on valid alternative grounds for his findings. *See Xiao Ji Chen,* 471 F.3d at 338–39. As such, we can confidently predict that the agency would reach the same decision absent the IJ's erroneous findings, *see id.* at 339, and we therefore uphold the IJ's denial of Alam's application for withholding.

Moreover, because the only evidence of a threat to Alam's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for relief under CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).